UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :
HIGHMORE FINANCING CO. I, LLC,       :
                                      Plaintiff,   :
                                                      :
                       -against-                :         23 Civ. 9418 (LGS)
                                                      :
EULER HERMES NORTH AMERICA       :         **ORDER**
INSURANCE COMPANY, d/b/a ALLIANZ :
TRADE,                                                 :
                                     Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendant filed a Notice of Removal on October 26, 2023, and removed this action from state court pursuant to the Court's diversity jurisdiction;

       WHEREAS, the federal courts are courts of limited jurisdiction and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1);

       WHEREAS, diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000);[1]

       WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

       WHEREAS, a limited liability company ("LLC") generally takes the citizenship of each

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

of its members for the purposes of diversity jurisdiction.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012);

WHEREAS, complete diversity is not established where the notice of removal fails to allege the citizenship of each member of a party LLC.  *See Platinum-Montaur Life Scis.*, 943 F.3d at 615;

WHEREAS, it is within the Court's discretion to *sua sponte* remand a case to state court where the party seeking removal has "failed to allege complete diversity of citizenship."  *Id.* at 618; *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309, 2022 WL 683996, at *2-3 (S.D.N.Y. Mar. 8, 2022) (*sua sponte* remanding case to state court where notice of removal failed to establish complete diversity);

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, Defendant's Notice of Removal is procedurally defective.  Defendant's Notice of Removal fails to plead facts sufficient to establish the citizenship of each member comprising Plaintiff LLC.  It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County pursuant to 28 U.S.C. § 1447(c).

Dated: November 9, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE